UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK STEPHENSON,

    Petitioner,

v.

R. J. SUBIA, *et al.*,

    Respondents.

CASE NO. 2:07-cv-00625-RSL-JLW

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he filed his petition, he was incarcerated at the Mule Creek State Prison in Ione, California. Petitioner challenges the Board of Parole Hearing's January 20, 2006, decision finding him unsuitable for parole. Currently before the Court is Respondents' Motion to Dismiss this action on the ground that it is moot because Petitioner was released on parole. (Dkt. No. 16.) Petitioner has not filed a response to the Motion. Having reviewed this Motion, Respondents' arguments, and the balance of the record, the Court recommends Respondents' Motion be granted.

REPORT AND RECOMMENDATION -1

## DISCUSSION

On February 3, 2009, Respondents moved to dismiss this matter because Petitioner was granted parole by the Board of Parole Hearings, and the Governor declined to review the Board's decision. (Dkt. No.16 at 2 .) Respondents' Motion informed Petitioner that failure to file an opposition might result in dismissal of this action. Under Local Rule 78-230(m), Petitioner's opposition to Respondents' Motion, if any, was due by February 24, 2009.

Local Rule 78-230(m) governs motions filed in prisoner cases where the petitioner is proceeding pro se. The rule provides, in pertinent part, that once a motion has been filed, a responding party shall serve and file opposition "not more than eighteen (18) days, plus three (3) days for mailing or electronic service after the date of service of the motion." Local Rule 78-230(m). A responding party "who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question." *Id.* A responding party's failure to file either "opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." *Id.* In any event, "all such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply [to a responding party's opposition] is filed, whichever comes first." *Id.*

Plaintiff has filed no opposition. The Court's records reflect plaintiff was properly served with notice of the Motion at his address of record on February 3, 2009. (*See* Dkt. 16.) Petitioner subsequently filed a change of address notice on February 9, 2009, in a different case. The Court tracked that information and entered it into the docket in this case on February 18, 2009. (*See* Dkt. 17.) It is therefore unlikely that Petitioner received notice of this Motion, however, he

REPORT AND RECOMMENDATION -2

was properly served, he failed to file a change of address in this case and, most importantly his Petition is moot due to his release.  Should Petitioner object to Respondents' Motion to Dismiss, or to this Report and Recommendation, he may file his objections with the United States District Court Judge.  Accordingly, this Court recommends Respondents' Motion to Dismiss be granted on the ground that it is moot.

This Report and Recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with this Report and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

A proposed order accompanies this Report and Recommendation.

DATED this _3rd_ day of March, 2009.

_____
JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION -3